# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT T. PRITCHARD and <br> ELIZABETH ANN PRITCHARD, <br>     Plaintiffs, <br><br> v. <br><br> DOW AGRO SCIENCES, a division of <br> DOW CHEMICAL COMPANY, <br> SOUTHERN MILL CREEK PRODUCTS <br> OF OHIO, and RESIDEX PRODUCTS, <br>     Defendants. | Civil Action No. 07-01621 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on Defendant Southern Mill Creek Products of Ohio's ("Southern") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) [26], in which Defendant Southern moves to dismiss the Plaintiffs' Second Amended Complaint (Docket No. 23) because "Plaintiffs violated this Court's Memorandum Order by failing to file their Second Amended Complaint within the time allowed by the Court." (Docket No. 26 at ¶ 10). Defendant Southern further contends that Plaintiffs violated Rule 15 for failing to request leave of Court prior to filing the Amended Complaint after the deadline had been missed. (Docket No. 26 at ¶ 11). Plaintiffs argue that dismissal of their Second Amended Complaint is not warranted because Plaintiffs' late filing was approximately five (5) hours late, did not prejudice the Defendants, and that the Court may disregard the procedural error of a late filing under Federal Rule of Civil Procedure 61. (Docket No. 28). For the following reasons, Defendant's Motion to Dismiss is **DENIED**.

Federal Rule of Civil Procedure 41(b) provides in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it." Fed. R. Civ. Proc. 41(b).  While the Rule permits a party to move the court to dismiss an opposing party's claim with prejudice, prior to dismissing a claim under Rule 41(b), the district court must first analyze the factors set forth by the U.S. Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, *v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  As such, the Court must analyze the following factors:

> (1) the extent of the *party's* personal *responsibility*;
>
> (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a *history* of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and
>
> (6) the *meritoriousness* of the claim or defense.

*Poulis,* 747 F.2d at 868 (emphasis in original).

Given representations of Plaintiffs' Counsel, as officers of the Court, as to difficulties they encountered with the Court's CM/ECF electronic filing system, and given that a review of the Docket indicates that the Second Amended Complaint was filed at 5:24 a.m. on March 26, 2008 (one day after the March 25, 2008 deadline), the Court finds that there was no personal responsibility for the delay by either Plaintiff Robert or Elizabeth Pritchard, that Defendant Southern was not prejudiced as a result of the five (5) hour late filing, and that there was no bad faith by Plaintiffs' Counsel.  The Court further finds that the remaining factors also do not support the harsh sanction of dismissal requested by Defendant Southern in this case. Accordingly, the Court denies Defendant Southern's

Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 41(b) [26], and as such, the Court will not strike the Second Amended Complaint. Defendant Southern shall Answer said Second Amended Complaint within thirty days, or on or before June 19, 2008.

                                                                         *s/Nora Barry Fischer*
                                                                         Nora Barry Fischer
                                                                         United States District Judge

CC:    All counsel of record.

Date:  May 20, 2008.