IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT T. PRITCHARD and ELIZABETH ANN PRITCHARD, <br>     Plaintiffs, <br><br> v. <br><br> DOW AGRO SCIENCES, a division of DOW CHEMICAL COMPANY, SOUTHERN MILL CREEK PRODUCTS OF OHIO, and RESIDEX PRODUCTS, <br>     Defendants. | Civil Action No. 07-01621 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on Defendant Dow Agro Sciences' ("Dow") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) and 12(b)(6) [24], in which Defendant Dow moves to dismiss the Plaintiffs' Second Amended Complaint (Docket No. 23) under Rule 41(b) arguing that the Plaintiffs filed their Second Amended Complaint in violation of this Court's Memorandum Order of March 5, 2008, and alternatively, that Count IV of Plaintiffs' Second Amended Complaint must be dismissed with prejudice under Rule 12(b)(6) for failure to plead the essential elements of a misrepresentation claim. (Docket No. 24). For the following reasons, Defendant Dow's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

The Court incorporates by reference its Memorandum Order at Docket No. [32] and likewise **DENIES** this Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint under Rule 41(b).

The Court however **GRANTS** Defendant Dow's Motion to Dismiss Count IV of the Plaintiffs' Second Amended Complaint. Upon consideration of Count IV of the Plaintiffs' Second Amended Complaint (Docket No. 23) entitled "Misrepresentation of Fact on the Part of Defendant Dow Agrosciences Against the Plaintiff Robert T. Pritchard, Sr.," the Court finds that Count IV of Plaintiffs' Second Amended Complaint does not comply with this Court's March 5, 2008 Memorandum Order. Count IV of the Second Amended Complaint fails for the same reason as Count IV of the Amended Complaint, i.e., that the Plaintiffs have failed to correctly plead a claim for misrepresentation as they have not put Defendant Dow on notice as to whether they are pleading intentional, negligent or innocent misrepresentation. Further, to the extent that Plaintiffs are attempting to plead a claim of misrepresentation of fact, the Court finds that the Plaintiffs have not sufficiently pled the applicable elements as outlined in the Court's March 5, 2008 Memorandum Order. In light of *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, 127 S.Ct. 1955 (2007) as well as the Third Circuit's interpretation of *Twombly* in *Phillips v. County of Allegheny*, 515 F.3d 224, 229-235 (3d Cir. 2008), Count IV of the Plaintiffs' Second Amended Complaint must be dismissed.

Defendant Dow has further requested that Count IV be dismissed with prejudice, and that Plaintiffs not be granted leave to file a Third Amended Complaint. (Docket No. 24). Plaintiffs counter arguing that the averments in their Second Amended Complaint are sufficient to comply with the pleading requirements of Rule 9(b) and state that they do not seek leave to amend to file an additional amended complaint. (Docket No. 28 at ¶¶ 58-61). "The decision whether to grant leave to amend is within the discretion of the district court." *Pennsylvania Employees Benefit Trust Fund v. Zeneca, Inc.*, 499 F.3d 239, 252 (3d Cir. 2007) (citing *Rolo City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)). In *Furman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme

Court held that:

> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Furman*, 371 U.S. at 182. Here, Plaintiffs have explicitly stated that they do not seek leave to amend, and, as such, the Court will not grant Plaintiffs leave to amend Count IV of their Second Amended Complaint. Moreover, had the Plaintiffs not explicitly rejected an opportunity to amend their complaint a third time, the Court would not be inclined to grant such leave due to the Plaintiffs' "repeated failure to cure deficiencies by amendments previously allowed." *See Furman*, 371 U.S. at 182. After this matter was removed to this Court from the Court of Common Pleas for Fayette County, Plaintiffs were granted leave to file an Amended Complaint (Docket No. 15) and a Second Amended Complaint (Docket No. 22). Plaintiffs were granted leave to amend their complaint in both instances so as to permit the Plaintiffs with opportunities to correctly plead the elements of the misrepresentation claim, which Plaintiffs have repeatedly failed to do. Therefore, Count IV of Plaintiffs' Second Amended Complaint is dismissed with prejudice, and Plaintiffs are not granted leave to file a Third Amended Complaint.

Accordingly, Defendant Dow's Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 41(b), or in the Alternative, to Dismiss Count IV With Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**. Defendant Dow's Motion is granted to the extent that Count IV of Plaintiffs' Second Amended Complaint is dismissed under Rule 12(b)(6), with prejudice, and said count is

therefore stricken from Plaintiffs' Second Amended Complaint. However, Defendant Dow's Motion is denied to the extent that the Plaintiffs' Second Amended Complaint is not dismissed pursuant to Rule 41(b). Accordingly, Defendant Dow shall Answer said Second Amended Complaint within thirty days, or on or before June 19, 2008.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC: All counsel of record.

Date: May 20, 2008.